J-A14005-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PROFESSIONAL SALES, INC., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| THE ESTATE OF JOSEPH S. BREHAUT, | : | |
| C. CHRISTOPHER MOORE, JR., A/K/A | : | |
| CHARLES C. MOORE, JR., EXECUTOR | : | |
| AND C. CHRISTOPHER MOORE, JR., | : | |
| A/K/A CHARLES C. MOORE, JR., | : | |
| INDIVIDUALLY AND JOSEPH S. | : | |
| BREHAUT AND C. CHRISTOPHER | : | |
| MOORE, JR., PARTNERSHIP T/D/B/A | : | |
| MOLL'S GARAGE,, | : | No. 1957 MDA 2014 |

Appellant

Appeal from the Order Entered October 15, 2014
In the Court of Common Pleas of Berks County
Civil Division at No(s): 14-818

BEFORE:  BENDER, P.J.E., JENKINS and STRASSBURGER,* JJ.

CONCURRING MEMORANDUM BY STRASSBURGER, J.: **FILED JULY 17, 2015**

I join the Majority Memorandum.

I write separately to respond to the learned dissent.  The dissent correctly points out that the admission exception to the Statute of Frauds in Pennsylvania's version of the Uniform Commercial Code, 13 Pa.C.S. § 2201(c)(2), requires an admission by the party to be charged in a pleading, testimony or otherwise in court.  At this stage of the case, Plaintiff can do no more than allege an admission.  This he has done.  Whether the testimony will prove him out must abide a trial. ***See Keil v. Good***, 356 A.2d

---

* Retired Senior Judge assigned to the Superior Court.

768, 771 (Pa. 1976) ("If … in their complaint, or in their answer to defendant's 'new matter', plaintiffs allege facts which, if proved, would take the oral contract outside the statutory prohibition, then an issue of fact is presented, and the case must proceed to trial. The plaintiffs have alleged such facts here, and for that reason the order of the court granting defendants' motion for judgment on the pleadings must be vacated and the case allowed to proceed to trial.")

President Judge Emeritus Bender joins this concurring memorandum.